IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUDY STANKO, | ) | |
| | ) | 8:06cv607 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| JOSEPH BATAILLON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Rudy Stanko, a prisoner in the Douglas County Correctional Center ("DCCC"). Also before the court is Filing No. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by confined persons. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff has sued a federal district judge of this court, Chief Judge Joseph F. Bataillon, and a U.S. Marshal, alleging that the defendants are responsible for confiscating the plaintiff's legal files, converting his clothing, making him wear an orange prison-issue

jumpsuit, and placing the plaintiff in "the hole" at "Guantanamo Bay, Omaha," i.e., the DCCC, where the plaintiff is presently housed pending his transfer to the custody of the United States Bureau of Prisons. The plaintiff seeks compensation for the foregoing alleged violations of his constitutional rights.

When the plaintiff filed this civil rights action, he had just been convicted in Case No. 8:05cr93, United States v. Rudolph George Stanko, of violating 18 U.S.C. § 922(g)(1), for which he received a prison term of 72 months in a federal prison. That judgment is currently on appeal. At the same time, the plaintiff faced another federal charge, a felony violation of 42 U.S.C. § 408(a)(7)(B). in Case No. 8:06cr50, United States v. Rudolph George Stanko. Sentencing is presently pending in that matter.

Upon review of the documents filed by the plaintiff, it is clear that the plaintiff has sued the wrong parties in the above-entitled case. Chief Judge Bataillon is the presiding judge in both Case Nos. 8:05cr93 and 8:06cr50. Other than that, there appears to be little or no connection between Judge Bataillon and the plaintiff's claims. Also, because the U.S. Marshal decides where to place federal detainees, theoretically there is a slight connection between the plaintiff's woes and the U.S. Marshal. However, that connection is too attenuated to support the plaintiff's civil rights claims in this case. The materials filed by the plaintiff attached to Filing No. 6 (his Notice of Continual Confiscation, etc.) clearly reveal that the alleged confiscation, conversion and placement at issue in this proceeding have all been ordered and decreed by DCCC personnel, without involvement by this court or the Marshal.

Therefore, the record furnished by the plaintiff on its face belies the plaintiff's accusations against the named defendants. This action will be dismissed, and the plaintiff

is free to sue a proper party in another case, if he so wishes.  See 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

THEREFORE, IT IS ORDERED:

1. That the plaintiff's complaint and this action are dismissed as frivolous and for failure to state a claim on which relief may be granted; see 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B); and because the record indicates on its face that others bear sole responsibility for the plaintiff's alleged deprivations;

2. That Filing No. 2, the plaintiff's Motion to Proceed IFP, is denied as moot; and

3. That judgment will be entered accordingly.

DATED this 8th day of February, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge